In re BROWN.

(District Court, S. D. Iowa, Davenport Division. October 12, 1904.)

No. 1,535.

1. BANKRUPTCY — OCCUPATION OF ALLEGED BANKRUPT — PERSON ENGAGED CHIEFLY IN FARMING.

An alleged bankrupt for three years had resided on a farm of 300 acres, which he had bought, but on which he had paid little. He farmed less than 100 acres himself, but expended large sums in the purchase of high-bred cattle, which he kept on the farm for a time, and then sold them at auction sales, and in such business became largely indebted; his farming debts being merely nominal. *Held*, that he was not engaged chiefly in farming, and was subject to proceedings in involuntary bankruptcy.

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.

In Bankruptcy. On involuntary petition. Trial to the court, a jury having been waived by stipulation.

H. H. Sheriff and D. W. Hamilton, for creditors.

J. W. Carr and Henry Volmer, for alleged bankrupt.

McPHERSON, District Judge. Near the end of the trial, the alleged bankrupt waived further evidence as to the allegations of acts of bankruptcy by Brown within the four months of filing the petition. Such waiver was not necessary, because it had already been established by the testimony of Brown that most flagrant acts had been by him committed in turning practically all of his property over to his father-in-law, at much less than its value, for an antecedent debt; Brown being insolvent, which both he and his father-in-law well knew. The evidence shows that Brown is wholly without conscience as to all his creditors, excepting his relatives.

The only controverted question is whether Brown is engaged chiefly in farming or the tillage of soil. The following cases are cited: In re Mackey (D. C.) 110 Fed. 355; In re Drake (D. C.) 114 Fed. 229; In re Thompson (D. C.) 102 Fed. 287; Wulbern v. Drake, 120 Fed. 493, 56 C. C. A. 643. I shall not review these cases. The question is not so much one of law as it is of fact.

Congress, for reasons satisfactory to that body, has so legislated that a corporation cannot voluntarily go into bankruptcy, and that a natural person, engaged chiefly in farming, cannot be thrown into bankruptcy. It is not for the courts to question the wisdom of such provisions. Brown for three years has resided on a farm of 300 acres, to which he held the legal title, but for which he paid little or nothing; the purchase price being represented by a mortgage thereon. He farmed some. The present season he cultivated about 40 acres of corn, raised about the same of oats, had a little hay. Some of the land he rented for grain rent. The balance is pasture. Such for the current year, as well as for two or three years, has been part of his business. But such has not been all of his business, nor has it been chiefly his business. Aside from his debts to his wife's father, practically all of his debts (and they are large) were created in buying finely bred cattle, or money borrowed from banks and used in buying such cattle. He would buy finely bred cattle, take them to the farm, feed them in part from the farm, and in part from prepared foods bought in the cities. After keeping such cattle for a time, he would have sales. These sales were after advertisements. The cattle would be scheduled in catalogues, setting forth a description of each animal, giving the breeding and all particulars usually found in such catalogues. His debts from farming are nominal. His debts in buying and selling fine cattle are large. Therefore, I am persuaded that he was chiefly engaged, not in farming, but in buying the cattle, fitting them for such sales, and then selling them.

An order will be entered adjudicating him a bankrupt.